UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CRAIG REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-cv-1163 |
| | ) |
| ARCHER DANIELS MIDLAND COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## O P I N I O N and O R D E R

Before the Court is the Motion to Remand filed by Plaintiff, Craig Reynolds, on June 7, 2010 (Doc. 6). The Motion is GRANTED.

### BACKGROUND

On May 28, 2010, Defendant removed this action from state court pursuant to 28 U.S.C. § 1441. Under the terms of the statute, removal is appropriate if this Court has original jurisdiction over the action. *Id*. In this particular action, Defendant asserts that this Court has federal question jurisdiction because Plaintiff has alleged claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2. *See* 28 U.S.C. § 1331.

In the Complaint, Plaintiff alleges that he is an employee of Defendant and that, from December 29, 2008 to the present, he has been denied the opportunity to work a second part-time job, a promotion, and time off because of his race. He further alleges that he has been subjected to a hostile work environment because of

his race. The Complaint does not mention any law, and, in particular, does not mention Title VII. In his Motion to Remand, Plaintiff asserts that his claims are made pursuant to state law, namely Illinois' Human Rights Act, 775 ILL. COMP. STAT. 5/2-102, and not Title VII. Plaintiff also argues that when the district court and the state court have concurrent jurisdiction, removal is improper.

### DISCUSSION

A matter may be removed to federal court so long as this Court has original jurisdiction over the action. 28 U.S.C. § 1441. The burden is on Defendant to demonstrate that this Court has original jurisdiction. The removal statute is to be construed narrowly and this Court must presume that Plaintiff is free to choose a forum to litigate his claims. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). And, "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Id.*

In order to determine the scope of Plaintiff's claims, the Court employs the well-pleaded-complaint-rule:

> a court must determine the presence or absence of a federal question by examining only the plaintiff's well-pleaded complaint. This rule requires that a federal question appear on the face of the complaint. The plaintiff, as the master of his own complaint, may avoid federal jurisdiction by pleading only state-law claims. *Nelson v. Stewart*, 422 F.3d 463, 466 (7th Cir. 2005).

The Complaint in this matter does not make any reference to any law, state or federal. Rather, Plaintiff asserts claims for racial discrimination and harassment with respect to the terms of his job. Such claims *can* arise under Title VII which makes it an unlawful employment practice to discriminate against a person on

account of his race.  However, such claims *can also* arise under state law.  The Illinois Human Rights Act provides that it is a civil rights violation to refuse to promote or to act with respect to the conditions of employment "on the basis of unlawful discrimination," that is, discrimination based on race.  775 Ill. Comp. Stat. §§ 5/1-102, 2-102.  Such claims are analyzed under the same standard employed in Title VII cases.  *See C.R.M. v. Chief Legal Counsel of Illinois Dept. of Human Rights*, 866 N.E.2d 1177, 1180-1181 (Ill. App. Ct. 2007).  Defendant has pointed to no authority that holds that a litigant is *required* to assert a Title VII claim of discrimination even if state law also provides a cause of action for employment discrimination.

Defendant argues, nonetheless, that "[f]ederal courts are required to look beyond the face of the complaint to determine whether the complaint *implicates* or is controlled by federal law." (Doc. 5, p. 3 (emphasis in original)).  Defendant's argument is unpersuasive.  An exception to the well-pleaded-complaint-rule is when federal law completely preempts a particular area and, regardless of any artful pleading on the part of the plaintiff, renders the complaint necessarily federal in character.  *Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 986 (7th Cir. 2000); *See Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006) (stating "if federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal").  Title VII provides:

> Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by

3

>  any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter. 42 U.S.C. § 2000e-7.

The import of this subsection is that state laws regarding employment discrimination are not pre-empted by Title VII (unless they are contradictory to Title VII). *See California Federal Sav. and Loan Ass'n v. Guerra*, 479 U.S. 272, 282-283 (1987). Federal discrimination law is not so broad, then, as to replace state law and claims of discrimination do not automatically confer jurisdiction to federal courts. *See e.g. Franciscan Skemp Healthcare, Inc. v. Central States Join Bd. Health and Welfare Trust Fund*, 538 F. 3d 594, 598 (7th Cir. 2008) (discussing the complete preemption of ERISA and the artful pleading rule). Thus, Plaintiff is capable of filing suit regarding employment discrimination without resorting to Title VII. *Fedor v. Cingular Wireless Corp.*, 355 F.3d 1069, 1072 (7th Cir. 2004) ("Courts have long recognized, however, that a plaintiff who has both state and federal claims available may avoid federal court by limiting his or her complaint to only state law claims.").

Because the Complaint does not specifically refer to federal law, the Court will credit Plaintiff's statement in his Motion to Remand that he is only asserting state law claims. *See Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) (stating "the party who brings a suit is master to decide what law he will rely on."); *See also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (stating that "if

4

she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal"). Defendant, then, has failed to meet its burden in showing that this Court has subject matter jurisdiction. Because Defendant offers no other basis of federal jurisdiction, this matter must be remanded.

## CONCLUSION

For the foregoing reasons, the Motion to Remand filed by Plaintiff, Craig Reynolds, on June 7, 2010 (Doc. 6) is GRANTED. This matter is REMANDED to state court.


Entered this 10th day of August, 2010

s/ Joe B. McDade
JOE BILLY MCDADE
United States Senior District Judge
